# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

VLADIMIR STOJCEVSKI, Individually, and as Personal Representative of the
Estate of DAVID STOJCEVSKI, Deceased,

      Plaintiffs,

                                      Case No. 15-cv-11019
                                      Hon. Linda V. Parker

v.                                      Mag. David R. Grand

COUNTY OF MACOMB, et al,

      Defendants.

| IHRIE O'BRIEN | CHAPMAN LAW GROUP |
|---|---|
| Robert D. Ihrie (P26451) | Ronald W. Chapman (P37603) |
| Harold A. Perakis (P35921) | Robert A. Welch, Jr. (P73445) |
| Attorneys for Plaintiff | Attorneys for Correct Care Solutions |
| 24055 Jefferson Avenue, Suite 2000 | Defendants named herein[1] |
| St. Clair Shores, MI 48080 | 40950 Woodward Ave., Suite 120 |
| (586) 778-7778 | Bloomfield Hills, MI 48304 |
| ihrieobrien@hotmail.com | (248) 644-6326 |
| perakislaw@hotmail.com | RChapman@ChapmanLawGroup.com |
| | RWelch@ChapmanLawGroup.com |
| John A. Schapka (P36731) | |
| Robert S. Gazall (P41350) | |
| Macomb County Corporation Counsel | |
| Attorneys for Macomb County | |
| Defendants | |
| One S. Main Street, 8th Floor | |
| Mount Clemens, MI 48043 | |
| (586) 469-6346 | |
| john.schapka@macombgov.org | |
| robert.gazall@macombgov.org | |

[1] Correct Care Solutions, Inc. (hereinafter "CCS"); Monica Cueny, DON; Vicky Bertram,
LPN; Mical Bey-Shelly, LPN; Lawrence Sherman, M.D.; Tiffany Deluca, RN; Kelly
Mann; Chantalle Brock; Danyelle Nelson; H. Erhlich; Amanda Bishop; Cynthia Deview;
Monica Van Damme; Jaclyn Cubanski; Sarah Breen; and Deanne Pavey.

## CORRECT CARE SOLUTIONS DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT UNDER FED. R. CIV. P. 12(b)

NOW COME Defendants, CORRECT CARE SOLUTIONS, INC. (hereinafter "CCS"); MONICA CUENY, DON; VICKY BERTRAM, LPN; MICAL BEY-SHELLY, LPN; LAWRENCE SHERMAN, M.D.; TIFFANY DELUCA, RN; KELLY MANN; CHANTALLE BROCK; DANYELLE NELSON; H. ERHLICH; AMANDA BISHOP; CYNTHIA DEVIEW; MONICA VAN DAMME; JACLYN CUBANSKI;[2] SARAH BREEN; and DEEANN PAVEY, Jointly and Severally, by and through their attorneys, CHAPMAN LAW GROUP, and for their Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b) for failure to state a claim upon which relief can be granted, state as follows:

1.      Plaintiffs filed their Complaint on March 18, 2015, alleging Constitutional violations and state law claims while incarcerated at the Macomb County Jail.  Plaintiff filed what purports to be a First Amended Complaint on June 2, 2015.  (The Complaint does not state "Amended" on its face.)

2.      Plaintiff, Vladimir Stojcevski, sues on his own behalf *and* as the Personal Representative of the Estate of his deceased brother, David Stojcevski.

---

[2] Monica Van Damme is now known as Monica Franks; Jaclyn's last name is Lubanski, not Cubanski.

3.     Vladimir and David Stojcevski were incarcerated in the Macomb County Jail on or about June 11, 2014, both to serve thirty (30) day jail sentences on different charges.  [**Dkt. No. 1, Pg ID 6**]

4.     David was placed in a medical detox unit for opioid withdrawal [**Dkt. No. 1, Pg ID 9**], and Vladimir was placed in a holding cell, and then later placed in the detox unit.  [**Dkt. No. 1, Pg ID 10**]

5.     David cleared from opioid detox on June 15, 2014, and on June 17, 2014, he was placed in the mental health unit. [**Dkt. No. 1, Pg ID 11**] David allegedly went through benzodiazepine withdrawal, which caused his death.  [**Dkt. No. 1, Pg ID 13**]

6.     On June 27, 2014, David was found in medical distress by jail staff and transported to the hospital.  [**Dkt. No. 1, Pg ID 14**]  David died on June 27, 2014. [**Dkt. No. 1, Pg ID 15**]

7.     Vladimir was transferred from a holding cell to the detox unit on June 14, 2014, and remained there until June 16, 2014. [**Dkt. No. 1, Pg ID 15**] He allegedly suffered vomiting spells and incontinence, and was sent to the hospital on June 23, 2014. [**Dkt. No. 1, Pg ID 15-16**]

8.     The amended complaint filed on June 2, 2015. [**Dkt. No. 9, Pg ID 1**] The Counts allege:

     i.    Violation of 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments on behalf of **David**;

     ii.    Denial of medical treatment for serious medical needs on behalf of **David**;

     iii.    Gross negligence and intentional, willful, and wanton conduct on behalf of **David**;

     iv.    Failure to train, inadequate policies and/or procedures, customs and practices and failure to supervise – deliberate indifference – Macomb County and Wickersham on behalf of **David**;

     v.    Violation of 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments on behalf of **Vladimir**;

     vi.    Denial of medical treatment for serious medical needs on behalf of **Vladimir**;

     vii.    Gross negligence and intentional, willful, and wanton conduct on behalf of **Vladimir**;

     viii.    Failure to train, inadequate policies and/or procedures, customs and practices and failure to supervise – deliberate indifference – Macomb County and Wickersham on behalf of **Vladimir**; and

    ix.    Intentional infliction of emotional distress on behalf of **David and Vladimir**.

9.    To survive a Motion to Dismiss, a Complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal,* 556 U.S., 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

10.    A Complaint may be dismissed for failure to state a claim if "it fails to give the Defendant fair notice of what the...claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).

## IMPROPER JOINDER UNDER FRCP 20

11.    Plaintiffs have improperly joined their claims under Fed. R. Civ. P. 20. The threshold question is whether the Plaintiffs have properly joined their claims in one complaint. *Carter v. Oakland County Sheriff's Dep't & Jail*, 2015 U.S. Dist. LEXIS 21545, 3-4 (E.D. Mich. Feb. 23, 2015).

12.    Pursuant to Rule 20(a)(1), Plaintiffs "may join in one action as Plaintiffs if...they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and...any question of law or fact common to all Plaintiffs will arise in the action." Rule 20(a)(1)(a)-(b).

13.     Plaintiffs must therefore demonstrate the actions "arising out of the same transaction, [or] occurrence" and that the claims have "questions of law or fact" in common.  Plaintiff ,Vladimir Stojcevski, while Personal Representative to his deceased brother, David Stojcevski's Estate, does not have individual claims in common with the Estate's claims concerning David's death.

14.     Both Vladimir and David were incarcerated at the Macomb County Jail; they were each housed separately and had separate encounters with medical personnel, jail staff, and separate outcomes to their stays.  The only question of fact that is the same is that they were both at the jail at approximately the same time. That alone is not sufficient to state claims arising out of the same occurrence with questions of law and facts in common.  *See, Carter v. Oakland County Sheriff's Dep't & Jail*, 2015 U.S. Dist. LEXIS 21545, 3-4 (E.D. Mich. Feb. 23, 2015).

## RESPONDEAT SUPERIOR NOT APPLICABLE IN 1983 ACTIONS

15.     Defendant CCS is not liable under the theory of *respondeat superior*. *Dunn v. State of Tenn.*, 697 F.2d 121, 128 (1983); *Street v. Corrections Corporation of America*, 102 F.3d 810, 817-818 (6th Cir. 1996).  Therefore, even if an individual agent of CCS did act inappropriately, which Defendants strongly deny, there is no liability to CCS.

16.     Plaintiff has entirely failed to plead a claim against CCS, as the only Count, Count IV, mentioning policy/procedure claims do not name CCS.

6

17.    Plaintiff has not sufficiently alleged that CCS was deliberately indifferent in any fashion, much less that CCS granted an unconstitutional policy, practice, or procedure.  To state a claim of deliberate indifference against CCS, a Plaintiff must plead a claim of a policy, practice, or custom by CCS that is allegedly unconstitutional, which proximately caused the injury complained of.  *See, Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 694-95, (1978).

## MONELL CLAIMS REQUIRE SPECIFIC FACTUAL ALLEGATIONS REGARDING POLICY, PRACTICE OR PROCEDURE

18.    Any allegation of an unconstitutional policy, practice, or procedure must be specific, *i.e.*, "to satisfy the *Monell* requirements a Plaintiff must 'identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy.'"  *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987)), cert. denied, U.S., 114 S. Ct. 1219, 127 L.Ed.2d 565 (1994).  *See also*, *Searcy v. City of Dayton*, 38 F.3d 282, 287 (6th Cir. 1994).

## GROSS NEGLIGENCE IS NOT A VALID CLAIM AS TO NON-GOVERNMENTAL EMPLOYEES

19.    Gross negligence is different than deliberate indifference and is not a viable claim under Michigan law against these Defendants.  The Court in *Jones v. Muskegon County*, 625 F.3d 935, 947 (6th Cir. Mich. 2010) explains that the standard for deliberate indifference and the standard for gross negligence are

different, and that deliberate indifference exceeds gross negligence.  Citing, *Ross v. Duggan*, 402 F.3d 575, 590 n. 7 (6th Cir. 2004).

20.     MCL § 691.1407(2)(c) defines gross negligence as "conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results." However, gross negligence is not considered a separate cause of action under MCL § 691.1407.

21.     Gross negligence is an exception to the governmental immunity statute in Michigan that protects governmental employees.  However, as *Hamer v. County of Kent,* 2013 U.S. Dist. LEXIS 186512, *25-27 (W.D. Mich. Nov. 6, 2013) explains, while the medical Defendants are considered state actors, they are not governmental employees to whom the gross negligence exception would apply.

22.     Even if gross negligence were a viable claim, the CCS Defendants are licensed healthcare professionals and, as such, must be sued under the medical malpractice framework established by the legislature which requires, among other things, the filing of a Notice of Intent one hundred and eighty two (182) days prior to filing a Complaint and the attachment of an Affidavit of Merit to the Complaint. *See*, *Bryant v. Oakpointe Villa Nursing Centre,* 471 Mich. 411, 422, 684 N.W.2d 864, 871 (2004); *Scarsella v Pollak,* 461 Mich. 547, 553 (2000); and MCL § 600.2912b.

8

## **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

23.    "The elements of a prima facie case of intentional infliction of emotional distress are: (1) extreme or outrageous conduct, (2) which intentionally or recklessly, (3) causes, (4) extreme emotional distress." *McCahill v. Commercial Union Ins. Co.,* 179 Mich. App. 761 (1989).   Plaintiff fails to meet these requirements.

24.    "Liability attaches only when a Plaintiff can demonstrate that the Defendant's conduct is 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.'   A Defendant is not liable for 'mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.'" *Lewis v. LeGrow*, 258 Mich. App. 175 (2003) (citations omitted); *Doe v. Mills*, 212 Mich. App. 73 (1995).  Plaintiff cannot demonstrate that in this context when Defendants provided medical care.

## **DUE PROCESS CLAIMS ARE NOT VALID OR PROPER**

25.    In the context of medical care, a prisoner's Eighth Amendment right to be free of cruel and unusual punishment is violated only when a prisoner can demonstrate that a "deliberate indifference" has been shown to his serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

26.     However, a claim "based on the Due Process Clause of the Fourteenth Amendment...does not transform every tort committed by a state actor into a constitutional violation." *Deshaney v. Winnebago County Dep't of Social Services,* 489 U.S. 189, 202 (U.S. 1989).

27.     In *Parratt v. Taylor,* 451 U.S. 527, 68 L. Ed. 2d 420, 101 S. Ct. 1908 (1981), overruled in part on other grounds, in 474 U.S. 327, 88 L. Ed. 2d 662, 106 S. Ct. 662 (1986), the Supreme Court stated that a due process claim involving an unauthorized or negligent deprivation of property, requires that the 42 U.S.C 1983 claim "must allege that the state's post-deprivation procedures are inadequate to remedy the deprivation." *Allen v. Leis,* 154 F. Supp. 2d 1240, 1267 (S.D. Ohio 2001).  Plaintiffs make no such specific claim here.

28.     Further, if Plaintiffs intend an equal protection claim under the Fourteenth Amendment, Plaintiffs must demonstrate that they were treated differently than others similarly situated, i.e., the other prisoner. *Arms v. Magaw*, 91 F. Supp. 2d 1061, 1070 (E.D. Mich. 2000). Again, Plaintiffs have only vague claims and do not demonstrate or claim that Plaintiffs were treated differently than other prisoners.

## <u>NEGLIGENCE IS AN INSUFFICIENT BASIS FOR LIABILITY</u>

29.     Mere negligence in identifying or treating a medical need does not rise to the level of a valid mistreatment claim under the Eighth Amendment. *Estelle v.*

*Gamble*, 429 U.S. 97, 106 (1976).  Differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnosis or treatment are not enough to state a deliberate indifference claim.  *Sanderfer v. Nichols*, 62 F.3d 151,154-155 (6th Cir. 1999); *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976).  The courts typically do not intervene in questions of medical judgment. *Youngberg v. Romeo*, 457 U.S. 307, 321 (1982).

30.     Counsel for Defendants herein sought the concurrence of Plaintiff's counsel with the relief requested herein prior to filing this Motion in accordance with E.D. Mich. L.R. 7.1; June 18, 2015.  The requested relief was denied by Plaintiffs' counsel.

WHEREFORE Defendants, CORRECT CARE SOLUTIONS, INC. (hereinafter "CCS"); MONICA CUENY, DON; VICKY BERTRAM, LPN; MICAL BEY-SHELLY, LPN; LAWRENCE SHERMAN, M.D.; TIFFANY DELUCA, RN; KELLY MANN; CHANTALLE BROCK; DANYELLE NELSON; H. ERHLICH; AMANDA BISHOP; CYNTHIA DEVIEW; MONICA VAN DAMME; JACLYN CUBANSKI; SARAH BREEN; and DEEANN PAVEY, Jointly and Severally, respectfully request that this Honorable Court grant partial dismissal as set forth in this Motion to Dismiss.

Respectfully submitted,
CHAPMAN LAW GROUP

Dated:  June 22, 2015                    /s/Ronald W. Chapman
                                         Ronald W. Chapman (P37603)
                                         Attorney for Correct Care
                                         Solutions Defendants
                                         40950 Woodward Ave., Suite 120
                                         Bloomfield Hills, MI  48304
                                         (248) 644-6326
                                         RChapman@ChapmanLawGroup.com

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

VLADIMIR STOJCEVSKI, Individually, and as Personal Representative of the Estate of DAVID STOJCEVSKI, Deceased,

| | |
|---|---|
| Plaintiffs, | Case No. 15-cv-11019 |
| | Hon. Linda V. Parker |
| v. | Mag. David R. Grand |

COUNTY OF MACOMB, et al,

Defendants.

| | |
|---|---|
| IHRIE O'BRIEN | CHAPMAN LAW GROUP |
| Robert D. Ihrie (P26451) | Ronald W. Chapman (P37603) |
| Harold A. Perakis (P35921) | Robert A. Welch, Jr. (P73445) |
| Attorneys for Plaintiff | Attorneys for Correct Care Solutions |
| 24055 Jefferson Avenue, Suite 2000 | Defendants named herein[3] |
| St. Clair Shores, MI 48080 | 40950 Woodward Ave., Suite 120 |
| (586) 778-7778 | Bloomfield Hills, MI 48304 |
| ihrieobrien@hotmail.com | (248) 644-6326 |
| perakislaw@hotmail.com | RChapman@ChapmanLawGroup.com |
| | RWelch@ChapmanLawGroup.com |
| John A. Schapka (P36731) | |
| Robert S. Gazall (P41350) | |
| Macomb County Corporation Counsel | |
| Attorneys for Macomb County | |
| Defendants | |
| One S. Main Street, 8th Floor | |
| Mount Clemens, MI 48043 | |
| (586) 469-6346 | |
| john.schapka@macombgov.org | |
| robert.gazall@macombgov.org | |

---

[3] Correct Care Solutions, Inc. (hereinafter "CCS"); Monica Cueny, DON; Vicky Bertram, LPN; Mical Bey-Shelly, LPN; Lawrence Sherman, M.D.; Tiffany Deluca, RN; Kelly Mann; Chantalle Brock; Danyelle Nelson; H. Erhlich; Amanda Bishop; Cynthia Deview; Monica Van Damme; Jaclyn Cubanski; Sarah Breen; and Deeann Pavey.

**CORRECT CARE SOLUTIONS DEFENDANTS' BRIEF IN SUPPORT OF
MOTION TO DISMISS FIRST AMENDED COMPLAINT UNDER
FED. R. CIV. P. 12(b)**

**PROOF OF SERVICE**

# **TABLE OF CONTENTS**

**PAGE**

INDEX OF AUTHORITIES ............................................................... iv-vi

INDEX OF EXHIBITS ....................................................................... vii

STATEMENT OF ISSUES PRESENTED ....................................... viii-ix

CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT ......... x

STATEMENT OF FACTS ..................................................................1

STANDARD OF REVIEW ..................................................................2

ARGUMENT.......................................................................................3

  I.   WHETHER THERE IS A MISJOINDER OF PLAINTIFFS REQUIRING PLAINITFFS' CLAIMS TO BE SEVERED INTO SEPARATE SUITS ......3

 II.   DEFENDANT CCS IS ENTITLED TO DISMISSAL DUE TO PLAINTIFF'S FAILURE TO STATE A CLAIM OF POLICY/PRACTICE/OR PROCEDURE ......................................................7

III.   PLAINTIFF HAS FAILED TO STATE A CLAIM OF GROSS NEGLIGENCE ........................................................................10

IV.   PLAINTIFF HAS FAILED TO STATE A CLAIM OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS ..............................................14

 V.   PLAINTIFF HAS FAILED TO STATE A DUE PROCESS CLAIM .........16

VI.   PLAINTIFF HAS FAILED TO STATE A CLAIM OF DELIBERATE INDIFFERENCE AS TO DEFENDANTS ..................................................17

CONCLUSION ...............................................................................21

RELIEF REQUESTED......................................................................23

iii

# INDEX OF AUTHORITIES

<u>**CASES**</u>                                                                                                   <u>**PAGE**</u>

*Allen v. Leis,* 154 F. Supp. 2d 1240, 1267 (S.D. Ohio 2001) ...........................10, 17

*Arms v. Magaw,* 91 F. Supp. 2d 1061, 1070 (E.D. Mich. 2000) ......................10, 17

*Ashcroft v. Iqbal,* 556 U.S._, 129 S. Ct. 1937, 173 L.
Ed. 2d 868 (2009) ................................................................................. x, 2, 3, 5, 22

*Bell Atlantic v Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955,
167 L. Ed. 2d 929 (2007) ................................................................... x, 3, 5, 21, 22

*Bryant v. Oakpointe Villa Nursing Centre,* 471 Mich. 411, 422,
684 N.W.2d 864, 871 (2004) ..............................................................................8, 13

*Carter v. Oakland County Sheriff's Dep't & Jail*, 2015 U.S.
Dist. LEXIS 21545, 3-4 (E.D. Mich. Feb. 23, 2015) ...................... vii, 3, 4, 5, 6, 21

*Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432,
439, 87 L. Ed. 2d 313, 105 S. Ct. 3249 (1985) ......................................................17

*Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.
Ct. 99, 2 L. Ed. 2d 80 (1957) ................................................................... x, 3, 5, 23

*Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987)..............................7, 8

*Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir.1995).........................................8

*Coughlin v. Rogers*, 130 F.3d 1348, 1350-1351 (9th Cir. Cal. 1997).....5

*Daniel v. Young*, 50 Fed. Appx. 221, 222 (6th Cir. Tenn. 2002) ..........................19

*Deshaney v. Winnebago County Dep't of Social Services,* 489
U.S. 189, 202 (U.S. 1989)..............................................................................10, 16

*Doe v. Mills*, 212 Mich. App. 73 (1995).................................................................9

*Dunn v. State of Tenn*., 697 F.2d 121, 128 (1983) ...............................................6, 7

*Durham v. Nu'Man*, 97 F.3d 862, 868-69 (6th Cir. 1996).....................................20

*Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ...........................................9, 10, 18, 20

*Fundunburks v. Capital Area Transp. Auth.*, 748 N.W.2d 804 (Mich. 2008) ........11

*Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) ....................7, 8

*Graham v. Ford*, 237 Mich. App. 670, 674-675 (1999)........................................15

*Hamer v. County of Kent,* 2013 U.S. Dist. LEXIS 186512, *25-27
(W.D. Mich. Nov. 6, 2013) .........................................................................vii, 8, 11

*Holmes v. Allstate Ins. Co.,* 119 Mich. App. 710, 714-715 (1982) ........................14

*Hullett v. Smiedendorf*, 52 F. Supp. 2d 817, 828 (D. Mich. 1999) ..........................9

*Jackson v. City of Columbus*, 194 F.3d 737, 750 (6th Cir. 1999)...........................17

*Jones v. Muskegon County*, 625 F.3d 935, 947 (6th Cir. Mich. 2010) ..............7, 10

*Kentucky Department of Corrections v. Thompson*,
490 U.S. 454, 460, 104 L. Ed. 2d 506, 109 S. Ct. 1904 (1989).............................16

*Ketron v. Chattanooga-Hamilton County Hosp. Authority*, 919 F.
Supp. 280, 284-285 (E.D. Tenn. 1996) ...................................................................8

*Lewis v. LeGrow*, 258 Mich. App. 175 (2003) .......................................................9

*McCahill v. Commercial Union Ins. Co.,* 179 Mich. App. 761 (1989) ...................9

*Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658,
694-95, (1978) ....................................................................................... 7, 8, 9, 21

*Mullins v. Stratton*, 878 F. Supp. 1016, 1019-1020 (E.D. Ken. 1995) ....................9

*Parratt v. Taylor,* 451 U.S. 527, 68 L. Ed. 2d 420, 101 S. Ct. 1908 (1981).....10, 17

*Poppen v. Tovey*, 664 N.W.2d 269, 273 (Mich. Ct. App. 2003) ............................11

*Rambus v. Wayne Co. Gen. Hosp.,* 483 N.W.2d 455 (Mich. Ct. App. 1992) .........12

*Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir. 1985) ...................................16

*Ross v. Duggan*, 402 F.3d 575, 590 n. 7 (6th Cir. 2004)...................................7, 10

*Sanderfer v. Nichols*, 62 F.3d 151,154-155 (6th Cir. 1999) ........................ 11, 18, 20

*Scarsella v Pollak,* 461 Mich. 547, 553 (2000); and MCL § 600.2912b .................8

*Searcy v. City of Dayton*, 38 F.3d 282, 287 (6th Cir. 1994)................................7, 8

*Street v. Corrections Corporation of America*, 102 F.3d 810,
817-818 (6th Cir. 1996) .................................................................................6, 7

*Thompson v. County of Medina,* 29 F.3d 238, 242 (6th Cir. Ohio 1994) ..............17

*West v. Atkins,* 487 U.S. 42 (1988)......................................................................13

*Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976) ................... 11, 18, 19, 20

*Youngberg v. Romeo*, 457 U.S. 307, 321 (1982) .............................................11, 19

## FEDERAL STATUTES

42 U.S.C. § 1983........................................................... 1, 2, 4, 6-10, 13, 16, 17, 20

## STATE STATUTES

MCL § 691.1407...............................................................................................8, 11

MCL § 600.1407(2) ........................................................................................11, 12

MCL § 691.1407(2)(c)........................................................................................8, 10

MCL § 600.2912b...........................................................................................v, 8, 14

## FEDERAL RULES OF CIVIL PROCEDURE

Fed. R. Civ. P. 12(b) ........................................................................................ ii, 2

## <u>INDEX OF EXHIBITS</u>

**EXHIBIT A**    *Carter v. Oakland County Sheriff's Dep't & Jail*, 2015 U.S. Dist. LEXIS 21545, 3-4 ( E.D. Mich. Feb. 23, 2015)

**EXHIBIT B**    *Hamer v. County of Kent,* 2013 U.S. Dist. LEXIS 186512, *25-27 (W.D. Mich. Nov. 6, 2013)

## STATEMENT OF ISSUES PRESENTED

WHETHER THERE IS A MISJOINDER OF PLAINTIFFS REQUIRING PLAINITFFS' CLAIMS TO BE SEVERED INTO SEPARATE SUITS:

Defendants Answer:                                    YES.
Plaintiffs Answer:                                    NO.


WHETHER CCS IS ENTITLED TO DISMISSAL DUE TO PLAINTIFFS' FAILURE TO STATE A CLAIM OF POLICY, PRACTICE OR PROCEDURE:

Defendants Answer:                                    YES.
Plaintiffs Answer:                                    NO.


WHETHER PLAINTIFFS FAILED TO STATE A CLAIM OF GROSS NEGLIGENCE:

Defendants Answer:                                    YES.
Plaintiffs Answer:                                    NO.


WHETHER PLAINTIFFS FAILED TO STATE A CLAIM OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS:

Defendants Answer:                                    YES.
Plaintiffs Answers:                                   NO.


WHETHER PLAINTIFFS FAILED TO STATE A DUE PROCESS CLAIM:

Defendants Answer:                                    YES.
Plaintiffs Answer:                                    NO.

WHETHER PLAINTIFFS FAILED TO STATE A
CLAIM OF DELIBERATE INDIFFERENCE AS TO
THE MAJORITY OF DEFENDANTS:

Defendants Answer:                              YES.
Plaintiffs Answer:                               NO.

## <u>CONTROLLING/APPROPRIATE AUTHORITY FOR RELIEF SOUGHT</u>

To survive a Motion to Dismiss, a Complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal,* 556 U.S._, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). A Complaint may be dismissed for failure to state a claim if "it fails to give the Defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)). A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. *Iqbal,* 129 S. Ct. at 1949. In order to state a claim, a Complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (2007); *see also, Iqbal,* 129 S. Ct. at 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal,* 129 S. Ct. at 1949.

<u>**STATEMENT OF FACTS**</u>

Vladimir and David Stojcevski were incarcerated in the Macomb County Jail on or about June 11, 2014, both serving thirty (30) day jail sentences on different charges. **[Dkt. No. 1, Pg ID 6]**   David was placed in a medical detox unit **Dkt. No. 1, Pg ID 9]** and Vladimir was placed in a holding cell, and later placed in the detox unit. **[Dkt. No. 1, Pg ID 10]**

David cleared from detox on June 15, 2014, and on June 17, 2014, was placed in the mental health unit. **[Dkt. No. 1, Pg ID 11]** David was allegedly suffering from benzodiazepine withdrawal, which caused his death. **[Dkt. No. 1, Pg ID 13]** David was found by jail staff on June 27, 2014, in medical distress and transported to the hospital. **[Dkt. No. 1, Pg ID 14]** David died on June 27, 2014. **[Dkt. No. 1, Pg ID 15]** Vladimir was transferred from a holding cell to the detox unit on June 14, and remained there until June 16, 2014. **[Dkt. No. 1, Pg ID 15]** He allegedly suffered vomiting spells and incontinence, and was sent to the hospital on June 23, 2014. **[Dkt. No. 1, Pg ID 15-16]**.

The Amended Complaint filed on June 2, 2015. **[Dkt. No. 9, Pg ID 1]** alleges:

  i.  Violation of 42 U.S.C § 1983 and the Eighth and Fourteenth Amendments on behalf of **David**;

  x.  Denial of medical treatment for serious medical needs on behalf of **David**;

1

xi.      Gross negligence and intentional, willful, and wanton conduct on behalf of **David**;

xii.     Failure to train, inadequate policies and/or procedures, customs and practices and failure to supervise – deliberate indifference – Macomb County and Wickersham on behalf of **David**;

xiii.    Violation of 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments on behalf of **Vladimir**;

xiv.    Denial of medical treatment for serious medical needs on behalf of **Vladimir**;

xv.     Gross negligence and intentional, willful, and wanton conduct on behalf of **Vladimir**;

xvi.    Failure to train, inadequate policies and/or procedures, customs and practices and failure to supervise – deliberate indifference – Macomb County and Wickersham on behalf of **Vladimir**; and

xvii.   Intentional infliction of emotional distress on behalf of **David and Vladimir**.

## <u>STANDARD OF REVIEW</u>

To survive a Motion to Dismiss, a Complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal,* 556 U.S._, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). A Complaint may

be dismissed for failure to state a claim if "it fails to give the Defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).  A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. *Iqbal,* 129 S. Ct. at 1949.  In order to state a claim, a Complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (2007); *see also Iqbal,* 129 S. Ct. at 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.")

"[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal,* 129 S. Ct. at 1949.

## ARGUMENT

## I.   DUE TO MISJOINDER THE PLAINTIFFS' CLAIMS MUST BE SEVERED

The threshold question is whether the Plaintiffs have properly joined their claims in one complaint." *Carter v. Oakland County Sheriff's Dep't & Jail*, 2015 U.S. Dist. LEXIS 21545, 3-4 (E.D. Mich. Feb. 23, 2015) (**Exhibit A**)

Under Rule 18(a), "[a] party asserting a claim...may join, as independent or alternative claims, as many claims as it has against an opposing party."  However,

under Rule 20(a)(1), Plaintiffs "may join in one action as Plaintiffs if...they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and...any question of law or fact common to all Plaintiffs will arise in the action." Rule 20(a)(1)(a)-(b).

Plaintiffs must demonstrate the allegations, 1) "arise out of the same transaction, [or] occurrence" and 2) have common "questions of law or fact." Plaintiff Vladimir Stojcevski, Personal Representative to his brother, David Stojcevski's Estate, does not have individual claims in common with the Estate's claims concerning David's death. Both Vladimir and David were incarcerated at the Macomb County Jail, they were each housed separately and had separate encounters with medical personnel, jail staff, and separate outcomes to their stays. The only common allegation is they were both housed at the jail at approximately the same time.

In *Carter v. Oakland County Sheriff's Dep't & Jail*, 2015 U.S. Dist. LEXIS 21545, 3-4 ( E.D. Mich. Feb. 23, 2015) (**Exhibit A**) the court explained that "[m]ultiple Plaintiffs do not pass this two-part test where each Plaintiff provides a different factual background, giving rise to their 'mutual' cause of action." (citations omitted)  Also, "Unrelated claims against different Defendants belong in different suits...." *Carter, supra,* citing *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007).

Here, David and Vladimir's claims are different. They were incarcerated in separate cells, had separate medical treatment, separate health issues, and separate outcomes. The only common facts are that they were brothers and at the jail at the same time. Neither shared a cell or course of treatment with the other.

*Carter* then explains that to determine "whether claims arise from the same transaction or occurrence," the Courts look to the following factors:

1. the time period during which the alleged acts occurred;

2. whether the acts...are related;

3. whether more than one act...is alleged;

4. whether the same supervisors were involved; and

5. whether the Defendants were at different geographical locations.

*Carter, supra,* citing *Proctor v. Applegate*, 661 F.Supp.2d 743, 778 (E.D. Mich. 2009) and other authority. While David and Vladimir's claims may have shared a geographical location and time period, they were in different cells, had different interactions with custodial and medical staff; different occurrences and different outcomes.

In *Coughlin v. Rogers*, 130 F.3d 1348, 1350-1351 (9th Cir. Cal. 1997), the Court found that the "Plaintiffs fail[ed] to satisfy both the first and second prongs of the test for permissive joinder." The Court explained that the "'same transaction' requirement, refers to similarity in the factual background of a claim." In *Coughlin*

the court was dealing with delays with petitions and/or applications to INS.  The Court found that "the basic connection among all the claims is the alleged procedural problem of delay.  However, the mere allegation of general delay is not enough to create a common transaction or occurrence.  Each Plaintiff has waited a different length of time, suffering a different duration of alleged delay." Further, the Plaintiff's allegations of delay, caused by different circumstances in each case, did not suffice to create a common transaction or occurrence."

Therefore there were no common questions of law or as "each applicant or petitioner presents a different factual situation.  Therefore, each must receive personalized attention by the INS and, ultimately, by the Court. Accordingly, there can be no common issues of fact or law." *Id.*

The Court further explained that "although Plaintiffs' claims are all brought under the Constitution and the Administrative Procedure Act, the mere fact that all Plaintiffs' claims arise under the same general law does not necessarily establish a common question of law or fact."  So too here, while both claims may arise under 42 U.S.C 1983 and the same state laws, a death claim is very different from a claim of mistreatment while incarcerated. When "claims do not involve common questions of law or fact", "the interests of justice are not served by joinder of the Plaintiffs in this case." *Id.*

Further, severing the claims will not deprive either Vladimir or the Estate of the ability to bring their claims separately.

## II.   DEFENDANT CCS IS ENTITLED TO DISMISSAL DUE TO PLAINTIFFS' FAILURE TO STATE A CLAIM OF POLICY, PRACTICE OR PROCEDURE

Plaintiffs name CCS, but does not state a claim against them in the Complaint. First, CCS is not liable under the theory of *respondeat superior*. *Dunn v. State of Tenn.*, 697 F.2d 121, 128 (1983); *Street v. Corrections Corporation of America*, 102 F.3d 810, 817-818 (6th Cir. 1996). Therefore, even if any Defendant did act inappropriately (which Defendants strongly deny), there is no liability to CCS.

Second, put simply, Plaintiffs make a claim in Count IV and VIII for failure to train, inadequate policies and/or procedures, customs and practices and failure to supervise, claiming deliberate indifference *but makes it solely against* Macomb County and Wickersham on behalf of David (count IV) and Vladimir (Count VIII). There is no such claim against CCS.

Even if there was such a claim, Plaintiffs have not shown that CCS was deliberately indifferent in any fashion, much less that there has been an unconstitutional policy, practice or procedure that proximately caused the injury. To state a claim of deliberate indifference against CCS, a Plaintiff must specifically plead a claim of a policy, practice, or custom by Correct Care Solutions that is allegedly unconstitutional, *i.e.*, "to satisfy the *Monell* [*v. City of New York*

*Department of Social Services,* 436 U.S. 658 (1978)] requirements, a Plaintiff must 'identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy.'" *Garner v. Memphis Police Dep't,* 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom,* 820 F.2d 170, 176 (6th Cir. 1987)), *cert. denied,* U.S., 114 S. Ct. 1219, 127 L.Ed.2d 565 (1994) (Emphasis added). *See also, Searcy v. City of Dayton,* 38 F.3d 282, 287 (6th Cir. 1994).

*Ketron v. Chattanooga-Hamilton County Hosp. Authority,* 919 F. Supp. 280, 284-285 (E.D. Tenn. 1996) explains that it is not sufficient to plead a violation "pursuant to policy, custom and usage" without specific facts supporting the claimed violation:

> To successfully state a claim under 42 U.S.C. § 1983, a Plaintiff must identify a right secured by the United States Constitution and the deprivation of that right by a person acting under color of law." *Adams v. Metiva,* 31 F.3d 375, 386 (6th Cir.1994) (citation omitted). A governmental entity may be held liable under section 1983 if the governmental entity itself caused the constitutional deprivation.
>
> However, the doctrine of *respondeat superior* does not apply to governmental entities. *See Monell,* 436 U.S. at 691-95, 98 S.Ct. at 2036-38; Searcy, 38 F.3d at 286 (noting that city not liable for injury inflicted solely by employees or agents); *Copeland v. Machulis,* 57 F.3d 476, 481 (6th Cir.1995). "It is only when the 'execution of the government's policy or custom ... inflicts the injury' that the municipality may be held liable under §1983."

8

Plaintiffs have not plead a specific violation "pursuant to policy, custom and usage" against CCS. Plaintiffs' Complaint cites no specific CCS policy or procedure which allegedly violated Plaintiffs' civil rights.  There is no count invoking *Monell* against CCS.   Further, generic statements do not identify specific policies or procedures of CCS that demonstrate a pattern of deliberate indifference.

*Mullins v. Stratton*, 878 F. Supp. 1016, 1019-1020 (E.D. Ken. 1995) explains that the Plaintiff must show "a close causal connection between the policy and the injuries suffered" and plead facts that support the allegation.  There is nothing in Plaintiffs' Complaint that sets forth the substance of a claim concerning a specific CCS policy.  Even if Count IV was meant to include CCS, claims such as a duty to "adequately and properly promulgate guidelines and polices that comply with the requirements of 42 U.S.C. § 1983" **[Dkt. No. 1, Pg ID 30, ¶ 104.b]**[4] are not the specific identification of policies required under *Monell*.

Liability cannot be derived from a single act or individual, and "[p]roof of the existence of the policy prior to the incident that is the subject of the complaint is necessary."  *Hullett v. Smiedendorf*, 52 F. Supp. 2d 817, 828 (D. Mich. 1999).  Plaintiff has not presented evidence to show the required pattern of conduct.  Plaintiff merely raises vague allegations without reference to any specific,

---

[4] Also claims such as the failure to "adequately and properly train and supervise" to "avoid hiring or selecting individuals who it know and or should now are incapable of performing their responsibilities" **[Dkt. No. 1, Pg ID 30, ¶ 104.d. and 3]**

identifiable CCS policy or procedure.  Plaintiffs raise vague alleged policies without demonstrating a close causal connection to the decedent's injuries.  He raises denial as to the decedent only, and fails to present evidence of systemic denials to inmates with a clear link to a CCS policy.  Therefore, even if Plaintiffs were to respond to this Motion by citing a specific CCS policy, that in and of itself would be insufficient—as proof of a pattern of conduct including evidence of systemic denials to inmates linked to that policy would be required to hold CCS liable to the decedent. Plaintiffs cannot demonstrate such a pattern of conduct.  Therefore, dismissal of Plaintiffs' deliberate indifference claims as to CCS is appropriate.

## III.   PLAINTIFFS FAILED TO STATE A CLAIM OF GROSS NEGLIGENCE

Plaintiffs' Count III and VII raises a claim for gross negligence under state law. Plaintiffs allege that Defendants exhibited conduct so reckless as to demonstrate a substantial lack of concern for Plaintiffs.  The allegations in paragraphs 94-98 of the Complaint **[Dkt. No. 9, Pg ID 109-110 and 171-172]** are actually standard of care issues masquerading as gross negligence.

Plaintiffs do not appear to recognize that gross negligence is different than deliberate indifference and is not a viable claim under Michigan law against these Defendants.  The Court in *Jones v. Muskegon County*, 625 F.3d 935, 947 (6th Cir. Mich. 2010) explains that the standard for deliberate indifference and the standard for gross negligence are different, and that deliberate indifference exceeds gross

negligence, citing *Ross v. Duggan*, 402 F.3d 575, 590 n. 7 (6th Cir. 2004).  MCL §

691.1407(2)(c) defines gross negligence as "conduct so reckless as to demonstrate a

substantial lack of concern for whether an injury results."   However, gross

negligence is not considered a separate cause of action under MCL § 691.1407.

Rather, gross negligence is an exception to the governmental immunity statute

in Michigan that protects governmental employees.  However, as *Hamer v. County

of Kent,* 2013 U.S. Dist. LEXIS 186512, *25-27 (W.D. Mich. Nov. 6, 2013) (**Exhibit

B**) explains, while the medical Defendants are considered state actors, they are not

governmental employees to whom the gross negligence exception would apply:

> Plaintiff has alleged a claim of gross negligence
> expressly in order to avoid the immunity otherwise
> accorded state employees by the Michigan Governmental
> Immunity From Tort Liability Act, MICH. COMP. LAWS
> § 691.1407. (Compl., ¶ 52). That Act grants immunity
> from certain claims to "each officer and employee of a
> governmental agency, each volunteer acting on behalf of
> a governmental agency, and each member of a board,
> council, commission, or statutorily created task force of a
> governmental agency" unless certain prerequisites are
> met, including an allegation that the individual's conduct
> amounted to gross negligence that is the proximate cause
> of the Plaintiff's injury. MICH. COMP. LAWS §
> 691.1407(2). By reason of this statute, claims of simple
> negligence are no longer actionable against governmental
> employees and the other individuals listed in section
> 691.1407(2). The effect of the statute is to raise the
> standard of care to gross negligence. *See, Fundunburks v.
> Capital Area Transp. Auth.,* 748 N.W.2d 804 (Mich.
> 2008); *Poppen v. Tovey,*664 N.W.2d 269, 273 (Mich. Ct.
> App. 2003).

Plaintiff has failed to establish, however, that these Defendants even qualify for immunity under this statute, as they are not officers or employees of a governmental agency. The Michigan Governmental Immunity Act defines "governmental agency" as "this state or a political subdivision." MICH. COMP. LAWS § 691.1401(a). Plaintiff alleges, and Defendants admit, that Corizon is a foreign corporation providing health care services to inmates pursuant to contract (Compl., ¶ 10) and that Defendants Carrel, Kaufman, Albin and Rengo are either employed by Correct Care Solutions or contract with that corporation to provide services. (Compl., ¶¶ 12-16). By Plaintiff's own allegations, these Defendants are not employees of a governmental agency. *See, Rambus v. Wayne Co. Gen. Hosp*., 483 N.W.2d 455 (Mich. Ct. App. 1992) (doctor employed by private corporation providing medical services to county hospital not entitled to governmental immunity). The Michigan appellate courts "see no reason to extend the protection of governmental immunity to a private entity, or its agents or employees, merely because it contracts with, or acts on behalf of or by the authority of, a governmental agency." 483 N.W.2d at 457-58; *accord Fareed v. G4S Secure Solutions (USA),* Inc., No. 12-14300, ___ F. Supp. 2d. ___, 2013 WL 1799867, at * 9 (E.D. Mich. Apr. 29, 2013) (employees of private security firm under contract at county courthouse not entitled to governmental immunity on state-law claims). . . . The Governmental Immunity statute has no bearing on the claims against the doctor and nurses here, as they are not governmental employees, volunteers acting on behalf of any agency, or members of a task force.[4] MICH. COMP. LAWS § 691.1407(2).

Stripped of the confusion injected by the Complaint's citation to a governmental immunity statute that has no application to private parties, count II alleges a claim for gross negligence against medical professionals. Therefore, recourse to Michigan law is necessary to determine the nature of Plaintiff's underlying cause of action against the doctor and nurse Defendants in this case.

⁴ Although health professionals providing services to jail inmates under contract clearly act under color of state law for purposes of section 1983, see West v. Atkins, 487 U.S. 42 (1988), the question whether they are employees of a governmental agency for purposes of Michigan's Governmental Immunity Act is a distinct question.

Therefore, any negligence claim against the medical Defendants is actually a medical practice claim. In *Bryant v. Oakpointe Villa Nursing Centre,* 471 Mich. 411, 422, 684 N.W.2d 864, 871 (2004), the Michigan Supreme Court set forth the test for whether a claim is based on negligence or medical malpractice. The Court stated in determining whether the nature of a claim is ordinary negligence or medical malpractice one considers two factors. First, did the alleged conduct occur within the course of a professional relationship, and second, did the allegations raise questions involving medical judgment. The answer in this case as to the medical Defendants is "yes" to both questions. These Defendants are licensed health care physicians or physician assistants practicing medicine within the jail setting. These Defendants interacted with Plaintiffs as a direct result of their position as health care providers. If not for the fact that the Defendants were physicians and nurses, they would not have come in contact with Plaintiffs. Additionally, these Defendants are not employees of the State, but contracted through Defendant CCS. As a result of these factors, Plaintiffs must comply with the procedural requirements established

13

by the state legislature to regulate and govern the causes of action that sound in medical malpractice.  Plaintiffs cannot avoid these requirements by fashioning a claim for "gross negligence" in an attempt to bootstrap around the specific requirement set forth in MCL § 600.2912b.  Therefore, Plaintiffs' claims of negligence are limited to medical malpractice and claims of gross negligence must be denied.

## IV.   PLAINTIFFS FAILED TO STATE A CLAIM OF INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS COUNT IX

The intentional infliction of emotional distress is a tort under state law. The Michigan Court of Appeals explained in *Holmes v. Allstate Ins. Co.,* 119 Mich. App. 710, 714-715 (1982) that the "Court has explicitly adopted the definition found in the Restatement Torts, 2d, § 46, pp 71-72. . . ."  That Reinstatement provides: "'One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm. * * *' " *Id.* (citations omitted).  The Court in *Holmes* then explained that the Reinstatement's comments explain: "Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.  Generally, the case is one in which the recitation of the facts to an

average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'" *Id.* at 15.

*Graham v. Ford*, 237 Mich. App. 670, 674-675 (1999) gives the following elements "to invoke the tort of intentional infliction of emotional distress":

1. extreme and outrageous conduct;

2. intent or recklessness;

3. causation; and

4. severe emotional distress.

The Court in *Graham* further explains: "Liability for the intentional infliction of emotional distress has been found only where the conduct complained of has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." (citation omitted). Therefore, "[l]iability does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." Further, it "is not enough that the Defendant has acted with an intent that is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation that would entitle the Plaintiff to punitive damages for another tort." *Id.* Ultimately, the test is whether an average person would exclaim "Outrageous!" upon hearing the facts of the case. *Id.*

15

Plaintiffs' facts, while unfortunate, simply relate a series of medical encounters. There is no statement that would suggest the actions of Defendants were beyond the bounds of decency, intolerable, or extreme as required for the tort. There is nothing to invoke an "outrageous!" response, and Plaintiff fails to establish the claim.

## V.   PLAINTIFF HAS FAILED TO STATE A DUE PROCESS CLAIM

Plaintiff makes claims in the Complaint concerning the Fourteenth Amendment Counts I and V. These claims are listed alongside the 42 U.S.C § 1983 claims, but appear to be due process claims. However, a claim "based on the Due Process Clause of the Fourteenth Amendment...does not transform every tort committed by a state actor into a constitutional violation." *Deshaney v. Winnebago County Dep't of Social Services,* 489 U.S. 189, 202 (U.S. 1989).

Admittedly, Pretrial detainees in the Macomb County Jail are protected under the Fourteenth Amendment. *Bell v. Wolfish*, 441 U.S. 520, 535, 60 L. Ed. 2d 447, 99 S. Ct. 1861 (1979). This means that detainees are entitled to the same Eighth Amendment rights as other inmates. *Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir. 1985). Further, "all inmates at the jail are also protected by the Fourteenth Amendment against deprivation without due process of law of such protected liberty interests that may arise from state statutes, regulations, or policies. *See Kentucky Department of Corrections v. Thompson*, 490 U.S. 454, 460, 104 L. Ed. 2d 506, 109

16

S. Ct. 1904 (1989)." *Thompson v. County of Medina,* 29 F.3d 238, 242 (6th Cir. Ohio 1994).

In *Parratt v. Taylor,* 451 U.S. 527, 68 L. Ed. 2d 420, 101 S. Ct. 1908 (1981), overruled in part on other grounds, 474 U.S. 327, 88 L. Ed. 2d 662, 106 S. Ct. 662 (1986), the Supreme Court stated that a due process claim involving an unauthorized or negligent deprivation of property requires that the 42 U.S.C 1983 claim "must allege that the state's post-deprivation procedures are inadequate to remedy the deprivation." *Allen v. Leis,* 154 F. Supp. 2d 1240, 1267 (S.D. Ohio 2001); also see *Jackson v. City of Columbus*, 194 F.3d 737, 750 (6th Cir. 1999). Plaintiffs make no such specific claim here. Further, if Plaintiffs intend an equal protection claim under the Fourteenth Amendment, Plaintiffs must demonstrate that they were treated differently than others similarly situated, i.e., the other prisoners. *Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439, 87 L. Ed. 2d 313, 105 S. Ct. 3249 (1985). *See also, Arms v. Magaw*, 91 F. Supp. 2d 1061, 1070 (E.D. Mich. 2000), and *Allen, supra.* Again, Plaintiffs have only vague claims and do not demonstrate or claim that Plaintiffs were treated differently than other prisoners.

## VI.    PLAINTIFF HAS FAILED TO STATE A CLAIM OF DELIBERATE INDIFFERENCE TO NUMEROUS DEFENDANTS COUNTS I and V

Plaintiffs allege claims under 42 U.S.C § 1983 (Count I and IV) against numerous Defendants. However, Plaintiffs failed to place factual allegations to support such a claim against Defendants CCS, and/or any of the medical Defendants.

Plaintiff makes three irrelevant allegation against Defendant DELUCA in paragraphs 30, 31 and 32.   He also makes two irrelevant allegations against Defendant EHRLICH in paragraphs 33 and 34.   The allegations have nothing to do with the death of David Stojcevski and occurred some 16 days prior to his death. Additionally in paragraphs 36 through 53 Plaintiff mentions the following Defendants: DELUCA, ERHLICH, BROCK, WILLIAMS, BARBER, PARTON, PAVEY, BEY-SHELLEY, BERTRAM, BREEN, CUENY, and DR. SHERMAN; however, none of the allegations are sufficient enough to give notice of liability for deliberate indifference.   Plaintiff does not mention any of the remaining twelve (12) medical Defendants MANN, PAVEY, NELSON, FRANKS, CUBANSKI, HEDTKE, OLAGBAIYE, PICKETT, RYCHWALSKI, DEBENE, GOOD, and FERRER.

In the context of medical care, a prisoner's Eighth Amendment right to be free of cruel and unusual punishment is violated only when a prisoner can demonstrate that a "deliberate indifference" has been shown to his serious medical need.   *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

Mere negligence in identifying or treating a medical need does not rise to the level of a valid mistreatment claim under the Eighth Amendment.   *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).   Differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnosis or treatment are not

enough to state a deliberate indifference claim.  *Sanderfer v. Nichols*, 62 F.3d 151,154-155 (6th Cir. 1999); *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976).  The courts typically do not intervene in questions of medical judgment. *Youngberg v. Romeo*, 457 U.S. 307, 321 (1982).  "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake*, 537 F.2d at 860 n. 5.

There is no indication Plaintiffs can demonstrate deliberate indifference to any of Plaintiff's serious medical needs. Plaintiff admits that he was given medical treatment, just not the medical treatment he wished.  Plaintiff makes no specific factual allegations as to Defendants MANN, PAVEY, NELSON, FRANKS, CUBANSKI, HEDTKE, OLAGBAIYE, PICKETT, RYCHWALSKI, DEBENE, GOOD, and FERRER. and therefore makes no claim of deliberate indifference to any serious medical needs of either Plaintiff. Such a record does not demonstrate deliberate indifference, as *Daniel v. Young*, 50 Fed. Appx. 221, 222 (6th Cir. Tenn. 2002) explains:

> *Daniel* does not dispute the district court's detailed description of the pertinent medical record, which indicated that he had a history of knee and low back problems, that he had been examined on numerous occasions, and that he had received prescriptions, injections, blood tests, x-rays and other tests for his

> condition. Under these circumstances, we conclude that the Defendants have provided *Daniel* with extensive medical treatment for his injuries, even though he may be dissatisfied with the treatment that he has received. Thus, he has alleged no more than a medical malpractice claim which does not rise to the level of a viable Eighth Amendment claim. *See, Durham v. Nu'Man*, 97 F.3d 862, 868-69 (6th Cir. 1996); *Sanderfer,* 62 F.3d at 154-55.

Plaintiff's claims against these Defendants simply fail to rise to the level of deliberate indifference.  Vague references, or failure to provide any factual statements does not rise to the level of deliberate indifference.  Plaintiff may not demand or dictate his course of treatment.  Plaintiffs were provided medical care by these Defendants, simply not the medical care Plaintiffs desired.  Such differences of opinion do not establish a Constitutional violation.  Mere negligence in identifying or treating a medical need does not rise to the level of a valid mistreatment claim under the Eighth Amendment.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Plaintiffs have not demonstrated that these Defendants were deliberately indifferent to any serious medical need he may possess.

> Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law.

*Westlake*, 537 F.2d at 860 n. 5.

20

Therefore, Plaintiffs' Complaint fails to state a claim of deliberate indifference under 42 U.S.C. § 1983 upon which relief may be granted, and dismissal of this matter is appropriate.

## **CONCLUSION**

Plaintiffs must demonstrate the actions 1) "arise out of the same transaction, [or] occurrence" and 2) that the claims have common "questions of law or fact." Plaintiff Vladimir Stojcevski, while Personal Representative to his brother, David Stojcevski's Estate, does not have individual claims in common with the Estate's claims concerning David's death. While both Vladimir and David were incarcerated at the Macomb County Jail, they both were housed separately and had separate encounters with medical personnel, jail staff, and separate outcomes. The only question of fact that is the same is that both were at the jail at approximately the same time, and this is not sufficient to state claims arising out of the same occurrence with common questions of law and fact in common. *See, Carter v. Oakland County Sheriff's Dep't & Jail*, 2015 U.S. Dist. LEXIS 21545, 3-4 (E.D. Mich. Feb. 23, 2015).

The *Monell,* gross negligence, intentional infliction of emotional distress, and conspiracy claims must be dismissed.  Further, the Eighth Amendment claims against Defendants Kelly Mann, Danyelle Nelson, Mical Bey-Shelley, Heather Erhlich, Monica Vann Damme (Franks), Jaclyn Lubanski, Amanda Bishop, and Cynthia Deview, Sarah Breen, and Lawrence Sherman, MD must be dismissed as

well.  A complaint may be dismissed for failure to state a claim if "it fails to give the Defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S. Ct. 99,2 L. Ed. 2d 80 (1957)).  Plaintiff has failed to give notice by stating facts sufficient to support these claims.  There are no factual claims at all as to Defendants MANN, PAVEY, NELSON, FRANKS, CUBANSKI, HEDTKE, OLAGBAIYE, PICKETT, RYCHWALSKI, DEBENE, GOOD, and FERRER.  A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged. *Iqbal,* 129 S. Ct. at 1949. Plaintiffs failed to do so here.  Further, in order to state a claim, a Complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (2007); *see also, Iqbal,* 129 S. Ct. at 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.")  Plaintiffs' claims of gross negligence, due process, and intentional infliction of emotional distress, are just that, labels, conclusions, and formulistic recitations of the elements of the claims.  These claims must be dismissed under *Twomly* and *Iqbal.*

**RELIEF REQUESTED**

WHEREFORE Defendants, CORRECT CARE SOLUTIONS, INC. ("CCS"); DELUCA, ERHLICH, BROCK, *WILLIAMS, BARBER, PARTON*, PAVEY, BEY-SHELLEY, BERTRAM, BREEN, CUENY, DR. SHERMAN, MANN, PAVEY, NELSON, FRANKS, CUBANSKI, *HEDTKE, OLAGBAIYE, PICKETT, RYCHWALSKI, DEBENE, GOOD*, and *FERRER*, and JOHN/JANE DOE PROVIDERS, Jointly and Severally, respectfully request that this Honorable Court grant partial dismissal as set forth in this Motion to Dismiss. (Italicized names mean they have not been served as of this date.)

Respectfully submitted,
CHAPMAN LAW GROUP

Dated: June 22, 2015

/s/Ronald W. Chapman
Ronald W. Chapman (P37603)
Attorney for Correct
Care Solutions Defendants
40950 Woodward Ave., Suite 120
Bloomfield Hills, MI. 48304
(248) 644-6326
RChapman@ChapmanLawGroup.com

23

## **PROOF OF SERVICE**

I hereby certify that on June 22, 2015, I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of such filing to the attorneys of record listed herein and I hereby certify that I have mailed by U.S. Postal Service the document to the involved non participants.

> /s/Ronald W. Chapman
> Ronald W. Chapman (P37603)
> 40950 Woodward Ave., Suite 120
> Bloomfield Hills, MI 48304
> (248) 644-6326
> RChapman@ChapmanLawGroup.com