UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VLADIMIR STOJCEVSKI, Individually
and as Personal Representative of the
Estate of DAVID STOJCEVSKI,

        Plaintiff,                Civil Case No. 15-11019
                                          Honorable Linda V. Parker

v.

COUNTY OF MACOMB, et al.

        Defendants.
_____/

## OPINION AND ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION

This action arises from David Stojcevski's incarceration in the Macomb County Jail in June 2014, which tragically led to his death from acute drug withdrawal. Defendants fall into two groups which the Court has referred to as the "Macomb County Defendants" and the "Correct Care Solutions Defendants" (hereafter "CCS Defendants"). Vladimir Stojcevski, as personal representative of David's estate (hereafter "Plaintiff"), alleges constitutional violations under 42 U.S.C. § 1983 and "gross negligence, intentional, willful and wanton conduct" against all Defendants. Defendants filed motions to dismiss Plaintiff's Complaint, which this Court granted in part and denied in part on November 9, 2015. Presently before the Court is Defendants' motion for reconsideration filed pursuant

to Eastern District of Michigan Local Rule 7.1(h).  The motion has been fully briefed.

Rule 7.1 provides the following standard for motions for reconsideration:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3).  Palpable defects are those which are "obvious, clear, unmistakable, manifest or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002).  "It is an exception to the norm for the Court to grant a motion for reconsideration." *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010).  "[A] motion for reconsideration is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998)).

Defendants seek reconsideration of the Court's denial of their motion to dismiss Plaintiff's "gross negligence, intentional, willful and wanton conduct" claim (Count III).  Specifically, Defendants maintain that the Court was misled by a palpable defect-- that the Court's jurisdiction is based on diversity as opposed to

original jurisdiction.  Defendants contend that this defect caused the Court to err in concluding that the procedural requirements for filing a medical malpractice claim in Michigan Compiled Laws § 600.2912b do not apply to bar Plaintiff's claim.

As an initial matter, Defendants argument for reconsideration is inapplicable to Plaintiff's claim against the Macomb County Defendants for the Court concluded in its November 9, 2015 decision that Plaintiff stated a viable gross negligence (as opposed to medical malpractice) claim against them.  In any event, Defendants are wrong that this Court found its jurisdiction premised on diversity as opposed to original jurisdiction.  Nowhere in its November 9 decision did the Court state the basis for its jurisdiction over Plaintiff's claims.  The Court was well aware that it has original jurisdiction over Plaintiff's § 1983 claims and supplemental jurisdiction over his state law claims.  Regardless, even if the Court made such a palpable defect, it would not result in a different holding with respect to whether Michigan's requirements for malpractice claims apply.

Whether jurisdiction over a state law claim is premised on diversity *or supplemental jurisdiction*, a federal court must apply state substantive law and federal procedural law when adjudicating the claim.  *See Witzman v. Gross*, 148 F.3d 988, 990 (8th Cir.1998); *Perry v. Blum*, 629 F.3d 1, 8 (1st Cir. 2010) ("Where, as here, a federal court proceeds under supplemental jurisdiction, it is obliged to apply federal procedural law and state substantive law."); *Doe v. Exxon*

*Mobil Corp.*, 69 F. Supp. 2d 75, 102 (D.D.C. 2014); *see also Super Sulky, Inc. v. United States Trotting Ass'n*, 174 F.3d 733, 741 (6th Cir.1999) ("A federal court exercising supplemental jurisdiction over state law claims is bound to apply the law of the forum state to the same extent as if it were exercising its diversity jurisdiction."); *Felder v. Casey*, 487 U.S. 131, 151 (1988) (holding that the principles of *Erie Railroad Co. v. Tompkins*, 304 U.S. 54 (1938) apply to state law claims in the same manner in pendent jurisdiction cases as they do in diversity jurisdiction cases). The Court has concluded that Michigan's requirements for malpractice claims are procedural. Defendants simply are rehashing their previously asserted arguments as to why the Court should conclude the requirements are substantive. The Court has considered and rejected those arguments.

Accordingly,

**IT IS ORDERED** that Defendants' motion for reconsideration is **DENIED**.

s/ Linda V. Parker  
LINDA V. PARKER  
U.S. DISTRICT JUDGE

Dated: May 18, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 18, 2016, by electronic and/or U.S. First Class mail.

s/ Richard Loury  
Case Manager