UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAFINKA STOJCEVSKI, individually
and as Personal Representative of the
Estate of DAVID STOJCEVSKI,

                                            Civil Case No. 15-11019
       Plaintiff,                  Honorable Linda V. Parker

v.

COUNTY OF MACOMB, et al.

       Defendants.
_____/

## OPINION AND ORDER REJECTING DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S AUGUST 22, 2017 ORDER AND AFFIRMING ORDER

This federal civil rights action, brought pursuant to 42 U.S.C. § 1983, arises from the death of Plaintiff's decedent, David Stojcevski, while incarcerated at the Macomb County Jail. The matter presently is before the Court on objections filed by Defendant Correct Care Solutions ("CCS") to Magistrate Judge David R. Grand's August 22, 2017 Order Granting Plaintiff's Motion to Compel. (ECF No. 92.) In the Order, Magistrate Judge Grand held that Michigan's Peer Review Privilege, Mich. Comp. Laws § 333.21515, does not shield CCS' Care Team Meeting and Mortality Review Documents from discovery. (*Id.*) CCS filed objections to Magistrate Judge Grand's decision on September 5, 2017. (ECF No. 96.) In those objections, CCS also asks the Court to certify the privilege issue to the Sixth Circuit Court of Appeals for

interlocutory review if the Court affirms Magistrate Judge Grand's decision. Plaintiff filed a response on September 19, 2017. (ECF No. 101.)

When a party objects to a magistrate judge's non-dispositive decision, the reviewing court must affirm the magistrate judge's ruling unless the objecting party demonstrates that it is "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard does not empower a reviewing court to reverse a magistrate judge's finding because it would have decided the matter differently. *See, e.g.*, *Anderson v. Bessemer City, N.C.*, 470 U.S. 564, 573-74 (1985). Instead, the "clearly erroneous" standard is met when despite the existence of evidence to support the finding, the court, upon reviewing the record in its entirety, "is left with the definite and firm conviction that a mistake has been committed." *Id.* (quoting *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395 (1948)). For the reasons that follow, this Court finds no error in Magistrate Judge Grand's analysis.

CCS argues that Magistrate Judge Grand committed a legal error in failing to conclude that the Sixth Circuit's decision in *Loyd v. Saint Joseph Mercy Oakland*, 766 F.3d 580 (6th Cir. 2014), is controlling precedent and mandates the application of Michigan's Peer Review Privilege in this § 1983 action. This Court disagrees. Neither the District Court nor Sixth Circuit in *Loyd* considered whether the privilege applies in a federal question case.

Instead, the issues presented were whether Michigan's Peer Review Privilege (1) extends to reports involving actions committed by hospital staff members who are

2

not physicians or nurses, and (2) was waived by the hospital's submission of a summary of its report to the EEOC. *Loyd*, 766 F.3d at 588-89. As a review of the briefing in *Loyd* reflects, the parties expressly proceeded under the assumption that the application of the privilege was being determined with respect to only the plaintiff's state law claim for intentional infliction of emotional distress and was not relevant to the plaintiff's federal discrimination claims. *See* Def.'s Br. in Resp. to Mot. Compel, *Loyd v. St. Joseph Mercy Oakland*, No. 12-cv-12567 (E.D. Mich. filed Feb. 15, 2013), ECF No. 22 at Pg ID 195; Appellee Br*., id*., No. 13-2335 (6th Cir. April 9, 2014), ECF No. 33 at Pg ID 69. In short, the Sixth Circuit in *Loyd* was not presented with and did not decide whether Michigan's Peer Review Privilege is applicable in federal question cases. Thus, Magistrate Judge Grand committed no error in concluding that the Sixth Circuit's decision lacked binding precedential value.

As Magistrate Judge Grand correctly held, "[q]uestions of privilege are to be determined by federal common law in federal question cases." *Reed v. Baxter*, 134 F.3d 351, 355 (6th Cir. 1998) (citing Fed. R. Evid. 501). Federal courts have nearly uniformly declined to create a federal peer review privilege. *See, e.g., Grabow v. Cty. of Macomb*, No. 12-cv-10105, 2013 WL 3354505, at *6 (E.D. Mich. July 3, 2013) ("The overwhelming majority of federal courts agree that there is not a federal common law peer review privilege."); *Zamorano v. Wayne State Univ.*, No. 07-cv-12943, 2008 WL 2067005, at *5 (E.D. Mich. May 15, 2008) ("Notably, every federal court of appeals that has addressed the issue for purposes of federal common law has

determined that there is no 'federal' peer review privilege."). The Supreme Court has recognized that Federal Rule of Evidence 501 "authorizes federal courts to define new privileges," but cautioned that any such undertaking must "start with the fundamental maxim that the public … has a right to every man's evidence." *Jaffee v. Redmond*, 518 U.S. 1, 9 (1996).

The out-of-district cases CCS cites in its objections do not convince this Court that Magistrate Judge Grand erred in his decision. The District Court for the Northern District of Illinois in *Cornejo v. Mercy Hospital and Medical Center*, No. 12-cv-1675, 2014 WL 4817806 (Sept. 15, 2014), did not analyze whether the state's peer review privilege was applicable to a federal claim as the case involved a personal injury/medical malpractice claim, albeit under the Federal Tort Claims Act. *Id*. at *1. State law provides the rule of decision for such a claim. 28 U.S.C. § 2674; *Ward v. United States*, 838 F.2d 182, 184 (6th Cir. 1998) ("The liability of the United States in actions under the Federal Tort Claims Act is governed by the law of the place where the alleged tort occurred.").

The court in *Elkharwily v. Mayo Holding Co.*, No. 12-cv-3062, 2014 WL 3573674 (D. Minn. July 21, 2014), premised its discussion of the application of the peer review privilege with the statement: "Where, as here, a plaintiff alleges claims under both federal and state law, it is within the court's discretion to apply the state peer review privilege statute." *Id*. at *3. Similarly, the court in *Nelson v. Green*, No. 06-cv-70, 2014 WL 2695535 (W.D. Va. June 12, 2014), based its holding on the fact

4

that "the remaining claim in th[e] case [wa]s a state law claim before the [c]ourt under pendent jurisdiction." *Id*. at *2. The Sixth Circuit has held, however, that in a federal question case with pendent state claims, the court must apply the federal law of privilege. *Hancock v. Dodson*, 958 F.2d 1367, 1373 (1992) ("Since the instant case is a federal question case by virtue of the appellant's section 1983 claim, we hold that the existence of pendent state law claims does not relieve us of our obligation to apply the federal law of privilege.").

Finally, the Court is unpersuaded by the reasoning in *Hadix v. Caruso*, No. 92-cv-110, 2006 WL 2925270 (W.D. Mich. Oct. 6, 2006). As one district court stated in rejecting *Hadix*, the decision "drew upon dicta from a gigantic footnote in *United States v. Michigan*, 940 F.2d 143, 161-166 & n.12 (6th Cir. 1991), . . . and "cited no precedent except for *Bredice v. Doctors Hospital, Inc.*, 50 F.R.D. 249, 250-51 (D.D.C. 1970), a thirty-seven year old district court case that … itself cited only a single source of authority." *Jenkins v. DeKalb Cty., Ga.*, 242 F.R.D. 652, 660 (N.D. Ga. 2007).

Having concluded that Magistrate Judge Grand did not err in declining to apply Michigan's Peer Review Privilege in this § 1983 action, the Court turns to CCS' request for certification of the issue to the Sixth Circuit for interlocutory review under 28 U.S.C. § 1292(b). Section 1292(b) allows a district court to certify an issue for immediate appeal if the court is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and

5

that an immediate appeal from the order may materially advance the ultimate termination of the litigation ….." 28 U.S.C. § 1292(b).  As explained above, there is not a substantial ground for difference of opinion on the question of whether a state's peer review privilege applies in a § 1983 action.  Federal courts have nearly uniformly declined to create a federal peer review privilege.  Moreover, immediate appeal will not materially advance the ultimate termination of this litigation.

For these reasons, the Court rejects CCS' objections to Magistrate Judge Grand's August 22, 2017 Order and **AFFIRMS** the decision.

**IT IS SO ORDERED**.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: February 27, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, February 27, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury<br>
Case Manager