UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DAFINKA STOJCEVSKI, individually
and as Personal Representative of the
Estate of DAVID STOJCEVSKI,

                 Plaintiff,

v.

COUNTY OF MACOMB, et al.

                 Defendants.
_____/

Civil Case No. 15-11019
Honorable Linda V. Parker


# OPINION AND ORDER REJECTING DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S SEPTEMBER 15, 2017 ORDER AND AFFIRMING ORDER

This is a civil rights action arising from the death of Plaintiff's decedent while incarcerated at the Macomb County Jail. On May 30, 2017, Plaintiff filed a motion seeking leave to file a Second Amended Complaint and to extend by ninety days the deadlines in the scheduling order. Plaintiff's proposed amended complaint added *inter alia* eleven Macomb County corrections officers. The Court referred Plaintiff's motion to Magistrate Judge David R. Grand, who granted the motion on September 15, 2017. (ECF No. 99.) Defendants Macomb County, Anthony M. Wickersham, and Michelle M. Sanborn (collectively "County Defendants") filed objections to Magistrate Judge Grand's order on September 29, 2017. (ECF No. 109.) The County Defendants argue that Magistrate Judge Grand's decision rests on a factual error and is contrary to law.

1

When a party objects to a magistrate judge's non-dispositive decision, the reviewing court must affirm the magistrate judge's ruling unless the objecting party demonstrates that it is "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The "clearly erroneous" standard does not empower a reviewing court to reverse a magistrate judge's finding because it would have decided the matter differently. *See, e.g.*, *Anderson v. Bessemer City, N.C.*, 470 U.S. 564, 573-74 (1985). Instead, the "clearly erroneous" standard is met when despite the existence of evidence to support the finding, the court, upon reviewing the record in its entirety, "is left with the definite and firm conviction that a mistake has been committed." *Id.* (quoting *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395 (1948)). For the reasons that follow, this Court finds no error in Magistrate Judge Grand's analysis.

The County Defendants first contend that Magistrate Judge Grand committed a factual error when he concluded that Plaintiff diligently conducted discovery and was delayed by the County Defendants in identifying the eleven corrections officers she sought to add as defendants. The County Defendants indicate that on September 16, 2016—nearly 9 months before the close of discovery—they provided Plaintiff with a copy of a mental health logbook from the period of the decedent's housing in the jail's Mental Health Unit. The County Defendants maintain that the logbook contained the names of each corrections officer on the unit, as well as their assigned shift.

This Court cannot find that Magistrate Judge Grand erred in concluding that the logbook did not inform Plaintiff's counsel of what they needed to know to amend the Complaint. The logbook appears to identify by last name the officers on each shift. (*See*

2

ECF No. 109-2.) However, the entries are not comprehensive and do not identify what each corrections officer did or saw or which entries are made by which officers. Thus, they do not provide the specific identity of the corrections officers who interacted with the decedent and what their interactions were. For that reason, it was not error for Magistrate Judge Grand to accept Plaintiff's assertion that her counsel had to conduct the "arduous and time-consuming endeavor" of reviewing 240 hours of videotape to identify precisely what interaction each corrections officer had with the decedent. As Plaintiff's counsel was aware from the Court's November 9, 2015 opinion and order dismissing officers named in Plaintiff's First Amended Complaint (*see* ECF No. 42), any proposed amendment submitted without alleging the specific conduct of each officer would have been futile.

The County Defendants also argue that Magistrate Judge Grand's decision is contrary to this Court's November 9 decision. Citing footnote 6 of the decision, the County Defendants contend that the Court indicated Plaintiff could later amend her pleading only to include individuals originally named and dismissed, which meant only two of the eleven corrections officers included in the Second Amended Complaint (i.e., Paul Harrison and John Talos).

After concluding that Plaintiff failed to identify the individual defendants' personal involvement in the alleged constitutional violation and therefore should be dismissed, the Court advised in footnote 6:

> The Amended Complaint reflects that [Plaintiff's decedent] had a serious medical need to which someone was indifferent and that over the course of several days, he exhibited signs of distress. The Court wants to be clear that

3

> if, through discovery, Plaintiff uncovers evidence suggesting that any dismissed individual was aware of [the Plaintiff's decedent]'s condition during this period and was deliberately indifferent to his serious medical needs, Plaintiff may move to re-name that individual as a party to this lawsuit at that time.

(ECF No. 42 at Pg ID 898.) This language does not address Plaintiff's ability to seek a subsequent amendment adding individuals not previously named. Instead, what the Court clearly was conveying was that its dismissal of particular individuals did not preclude Plaintiff from later seeking to rename them in this action.

Finally, the County Defendants argue that Magistrate Judge Grand's decision is contrary to law because he applied the wrong legal standard in evaluating Plaintiff's motion. Citing *Leary v. Daeschner*, 349 F.3d 888, 905-06 (6th Cir. 2003), the County Defendants maintain that a party should be permitted to amend a pleading only upon a showing of "good cause" when the request to amend requires the modification of a Rule 16 scheduling order. In *Leary*, the Sixth Circuit held that once the deadline for amending the pleadings in the scheduling order expires, a party seeking an amendment must show good cause for failing to timely seek the amendment before the propriety of the amendment will be considered under Federal Rule of Civil Procedure 15. *Leary*, 349 F.3d at 905-06. The scheduling order in the present matter did not set a deadline for the parties to amend their pleadings, however. (*See* ECF No. 64.) In any event, this Court concludes that good cause was established.

Pursuant to *Leary*, a party seeking to amend must "show good cause for failure to move for leave to amend before expiration of the deadlines in the court's scheduling order" and a lack of prejudice to the non-movant. *Leary*, 349 F.3d at 905-06. Magistrate

4

Judge Grand in fact evaluated both considerations in his decision, although in the context of the factors relevant to a request to amend under Rule 15.  First, Magistrate Judge Grand evaluated whether there was justification (i.e., good cause) for Plaintiff's failure to seek the requested amendments earlier.  (*See* ECF No. 99 at Pg ID 2142-44.)  Next, he considered whether Defendants were unduly prejudiced by the amendment.  (*Id*. at Pg ID 2144-45.)  This Court finds no error in Magistrate Judge Grand's analysis of those considerations.

In short, the Court rejects the County Defendants' objections to Magistrate Judge Grand's September 15, 2017 order and **AFFIRMS** the decision.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: February 27, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, February 27, 2018, by electronic and/or U.S. First Class mail.

s/ R. Loury
Case Manager