UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAFINKA STOJCEVSKI, Individually,
and as Personal Representative of
the Estate of DAVID STOJCEVSKI,
Deceased                                          Case No. 15-cv-11019
                                                  Hon. Linda V. Parker
        Plaintiffs                                Mag. David R. Grand

v.

COUNTY OF MACOMB, et al.

        Defendants.

| | |
|---|---|
| ROBERT D. IHRIE (P26451) | RONALD W. CHAPMAN (P37603) |
| HAROLD A. PERAKIS (P35921) | KIMBERLY A. KOESTER (P48967) |
| Ihrie O'Brien | Chapman Law Group |
| Attorneys for Plaintiffs | Attorneys for Correct Care Solutions |
| 24055 Jefferson Ave. | Defendants |
| Suite 2000 | 1441 W. Long Lake Rd. |
| St. Clair Shores, MI 48080 | Suite 310 |
| (586) 778-7778 / (586) 778-5990 (fax) | Troy, MI 48098 |
| ihrieobrien@hotmail.com | (348) 644-6326 / (248) 644-6324 (fax) |
| perakislaw@hotmail.com | rchapman@chapmanlawgroup.com |
| | koester@chapmanlawgroup.com |
| JOHN A. SCHAPKA (P36731) | JOHN T. EADS, III (P43815) |
| ROBERT S. GAZALL (P41350) | CARA M. SWINDLEHURST |
| Macomb County Corporation Counsel | (P79953) |
| Attorneys for Macomb County | Wilson Elser Moskowitz Edelman & |
| Defendants | Dicker, LLP |
| One S. Main Street | Co-Counsel for Macomb County |
| 8th Floor | Defendants |
| Mount Clemens, MI 48043 | 17197 N. Laurel Park Drive |
| (586) 469-6346 / (586) 307-8286 (fax) | Suite 201 |
| John.Schapka@macombgov.org | Livonia, MI 48152 |
| Robert.Gazall@macombgov.org | (313) 327-3100 / (313) 327-3101 (fax) |
| | John.Eads@wilsonelser.com |
| | Cara.Swindlehurst@wilsonelser.com |

1

**<u>DEFENDANTS' MOTION IN LIMINE TO PRECLUDE INTERNAL
POLICIES/PROCEDURES AND ANY ALLEGATION THAT BREACH OF
POLICIES/PROCEDURES IS A CONSTITUTIONAL VIOLATION</u>**

NOW COME the Macomb County Defendants, by and through their attorneys, Macomb County Corporation Counsel and Wilson Elser Moskowitz Edelman & Dicker, LLP, and for their Motion in Limine to Preclude Internal Policies/Procedures and any Allegation that Breach of Policies/Procedures is a Constitutional Violation, hereby state as follows:

1.      Plaintiff's Complaint alleges claims regarding alleged unconstitutional policies, procedures or customs against Macomb County in Count II.  However, all of Plaintiff's experts admit that Macomb County Defendants' policies and procedures are constitutionally sound.  **(Exhibit 1 – Deposition of Margo Frasier, P. 199, L13 – P 201, L 25)(Exhibit 2 – Deposition of Debra Graham, P. 47, L 17-19)**

2.      Upon information and belief, Plaintiff may seek to introduce the hunger strike policies and other policies of the Office of the Macomb County Sheriff and Macomb County at the time of trial.

3.      Departmental policies and procedures do not create a legal standard and are irrelevant to the determination of whether Defendants' conduct was reasonable

2

with respect to the amount of attention to Mr. Stojcevski's eating and medical condition.  See *Smith v. Freland*, 954 F.2d 343 (6th Cir. 1992).

4.      Given the above, such policies must be excluded based upon a lack of relevance (Fed. R. Evid. 401 & 402) and also because any probative value would be significantly outweighed by the danger of unfair prejudice, confusion of the issues and the potential for the jury to be misled to the extent Plaintiff argues failure to follow one or more of these policies is indicative of a Constitutional violation.  (Fed. R. Evid. 403).

WHEREFORE, Defendants pray this Honorable Court GRANT their Motion in Limine to Preclude Internal Policies/Procedures, and exclude the introduction of evidence or testimony concerning the internal policies and procedures of Macomb County, including but not limited to policies relating to police/jail procedures and hunger strike regarding any alleged wrong doing by Macomb County Defendants.

Respectfully Submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

By: /s/Cara M. Swindlehurst_____
Dated:  February 8, 2021      JOHN T. EADS, III (P43815)
CARA M. SWINDLEHURST (P79953)
Attorneys for Defendant
17197 Laurel Park Place Dr. Ste. 201
Livonia, MI 48152
(313) 327-3100

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAFINKA STOJCEVSKI, Individually,
and as Personal Representative of
the Estate of DAVID STOJCEVSKI,
Deceased                                          Case No. 15-cv-11019
                                                  Hon. Linda V. Parker
          Plaintiffs                              Mag. David R. Grand

v.

COUNTY OF MACOMB,
SHERIFF ANTHONY M. WICKERSHAM,
MICHELLE M. SANBORN, CORRECT CARE SOLUTIONS
(CCS), LAWRENCE M. SHERMAN, M.D., DAVID ARFT, RN,
NATALIE PACITTO, MONICA CUENY, RN, TIFFANY DELUCA, LPN,
VICKI BERTRAM, LPN, SARA BREEN, LPN, HEATHER EHRLICH,
LPN, MICAL BEY-SHELLEY, LPN, DIXIE DEBENE, LPN,
THRESSA WILLIAMS, LPN, LINDA PARTON, LPN,
AMBER BARBER, LPN, DEANN PAVEY, LPN,
CHANTALLE BROCK, LPN, KELLY MANN,
DANYELLE NELSON, MHP, CO OXLEY, CO COONEY,
CO HARRISON, CO TALOS, CO PINGILLEY, CO AVERY,
CO VANEENOO, CO BLOUNT, CO RAY, CO WHITE,
AND CO HELHOWSKI,

          Defendants.

| ROBERT D. IHRIE (P26451) | RONALD W. CHAPMAN (P37603) |
|---|---|
| HAROLD A. PERAKIS (P35921) | KIMBERLY A. KOESTER (P48967) |
| Ihrie O'Brien | Chapman Law Group |
| Attorneys for Plaintiffs | Attorneys for Correct Care Solutions |
| 24055 Jefferson Ave. | Defendants |
| Suite 2000 | 1441 W. Long Lake Rd. |
| St. Clair Shores, MI 48080 | Suite 310 |
| (586) 778-7778 / (586) 778-5990 (fax) | Troy, MI 48098 |
| ihrieobrien@hotmail.com | (348) 644-6326 / (248) 644-6324 (fax) |
| perakislaw@hotmail.com | rchapman@chapmanlawgroup.com |

4

5882861v.2

JOHN A. SCHAPKA (P36731)
ROBERT S. GAZALL (P41350)
Macomb County Corporation Counsel
Attorneys for Macomb County
Defendants
One S. Main Street
8th Floor
Mount Clemens, MI 48043
(586) 469-6346 / (586) 307-8286 (fax)
John.Schapka@macombgov.org
Robert.Gazall@macombgov.org

koester@chapmanlawgroup.com
JOHN T. EADS, III (P43815)
CARA M. SWINDLEHURST
(P79953)
Wilson Elser Moskowitz Edelman &
Dicker, LLP
Co-Counsel for Macomb County
Defendants
17197 N. Laurel Park Drive
Suite 201
Livonia, MI 48152
(313) 327-3100 / (313) 327-3101 (fax)
John.Eads@wilsonelser.com
Cara.Swindlehurst@wilsonelser.com

## BRIEF IN SUPPORT OF DEFENDANT'S MOTION IN LIMINE TO PRECLUDE INTERNAL POLICIES/PROCEDURES AND ANY ALLEGATION THAT BREACH OF POLICIES/PROCEDURES IS A CONSTITUTIONAL VIOLATION

5882861v.2

# **TABLE OF CONTENTS**

**Page**

STATEMENT OF CONCURRENCE SOUGHT ....................................................1

STATEMENT OF ISSUE PRESENTED..........................................................2

CONTROLLING/APPROPRIATE AUTHORITIES ..............................................3

INTRODUCTION AND STATEMENT OF FACTS ..............................................5

LAW AND ANALYSIS ............................................................................6

ARGUMENT ......................................................................................8

CONCLUSION ...................................................................................11

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Barber v. City of Salem, Ohio*
   953 F.2d 323 (6th Cir. 1992) ................................................................8

*Bradley v. City of Ferndale*
   148 F. Appx. 499 (6th Cir. 2005) ...................................................2, 8

*Carlson v. Fewins*
   801 F.3d 668 (6th Cir. 2015) ..........................................................2, 8

*Coitrone v. Murray*
   642 F. Appx. 517 (6th Cir. 2016) ........................................................8

*Edgerson v. Matatall*
   2014 U.S. Dist. LEXIS 4967 (Cox, J., E.D. Mich., January 15, 2014) .............8, 9

*Graham v. Connor*
   490 U.S. 386 (1989) ......................................................................8, 9

*Marden v. Cnty of Midland*
   2017 U.S. Dist. LEXIS 43013 (Ludington, J., E.D. Mich., March 24,
   2017) ..........................................................................................8

*Scott v. Edinburg*
   346 F.3d 752 (7th Cir. 2003) ............................................................10

*Smith v. Freland*
   954 F.2d 343 (6th. Cir. 1992) .............................................. 2, 6, 7, 10

*Tanberg v. Sholtis*
   401 F.3d 1151 (10th Cir. 2005) ..........................................................7

*Thompson*
   472 F.3d at 454 .........................................................................9, 10

*United States v. Ross*
   588 F. Supp. 2d 777 (ED. Mich. 2008) ...............................................5

ii

**Statutes**

42 U.S.C. § 1983 ............................................................ 2, 4, 5, 6, 7, 8, 10

**Rules**

Fed. R. Evid. 401 ................................................................... 2, 5, 6

Fed. R. Evid. 402 ................................................................... 2, 5, 6

Fed. R. Evid. 403 ................................................................ 2, 5, 7, 9

LCR 7.1 ....................................................................................1

5882861v.2

**<u>STATEMENT OF CONCURRENCE SOUGHT</u>**

Pursuant to LCR 7.1, Defendant's counsel sought concurrence from Plaintiff's counsel regarding precluding internal policies/procedures and any allegation that breach of policies/procedures is a Constitutional violation and were unable to receive concurrence for the same.

1

## <u>STATEMENT OF ISSUE PRESENTED</u>

1. Should Plaintiff be permitted to introduce evidence of the internal policies
   and procedures, and alleged violation of the same in order to assert a
   Constitutional violation?

   Defendant Answers: No.

   Plaintiff Answers: Yes.

5882861v.2

## <u>CONTROLLING/APPROPRIATE AUTHORITIES</u>

Relevant evidence is defined by the Federal Rules as evidence that makes the existence of any consequential fact more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. Evidence which is not relevant is not admissible. Fed. R. Evid. 402. Additionally, even relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, Fed. R. Evid. 403.

Here, the policies and procedures of Macomb County are irrelevant, and any probative value is substantially outweighed by the danger of unfair prejudice. Further, the Sixth Circuit has long held that policies and procedures are inadmissible where introduction will only confuse the jury as to the legal standard. *Smith v. Freland*, 954 F.2d 343 (6th. Cir. 1992). *Smith* held that whether an officer's conduct violates a local procedure or policy is *not* an issue in a 42 U.S.C. § 1983 case. To place any weight on such a policy, as the Sixth Circuit recognized, would subject cities that impose higher local standards to increased liability under § 1983. *Smith,* 954 F.2d at 347. *See also Carlson v. Fewins,* 801 F.3d 668, 677-78 (6th Cir. 2015) (holding that district court's ruling disallowing examination on whether policies were complied with was "correct"); *Bradley v. City* of *Ferndale,* 148 F. Appx. 499, 507 (6th Cir. 2005) (recognizing that compliance with local policy is not at issue in § 1983 case).

3

As a result, and for the reasons further explained below, Plaintiff should be precluded from introducing the jail policies of Macomb County where the policies are irrelevant, prejudicial, and will only confuse the jury as to the proper legal standard.

4

## INTRODUCTION AND STATEMENT OF FACTS

Macomb County Defendants herein refer to and rely upon the statement of facts asserted in their Motions for Summary Judgment. **[Doc 146, Motion for Summary Judgment]** On March 18, 2015, the estate for David Stojcevski filed a lawsuit[1] against several defendants, including individual corrections officers, asserting violation of David Stojcevski's Eighth Amendment rights under 42 U.S.C. § 1983, and liability under state tort law. **[Doc 1, Complaint].**

Within Plaintiff's Complaint, Count II alleges Macomb County Defendants "implemented polices, practices, procedures and protocols … that had a direct causal link to the unconstitutional federal rights violations that caused David's death and other damages alleged herein. **[Doc 104, Second Amended Complaint, PageID 2313]** Despite Plaintiff's allegations in Count II of her Second Amended Complaint, all of her experts providing testimony relative to Macomb County Defendants agree that the policies and procedures themselves are not unconstitutional, but allege at most that Macomb County Defendants have a custom of violating the Constitution. **(Exhibit 1 - P 199, L 13 – P 201, L 25)(Exhibit 2 - P 47, L 17-19)** Thus, there is no viable argument that the policies themselves are not constitutional. Instead, the

---

[1] An Amended Complaint was filed on June 1, 2015 [Doc 9] and a Second Amended Complaint was filed on September 21, 2017 [Doc 104].

jury must look to the individual actions of each defendant and view the same within the constitutional requirements under the Eighth Amendment and 42 U.S.C. § 1983.

## LAW AND ANALYSIS

It is believed that Plaintiff will attempt to introduce evidence concerning Macomb County Sheriff's hunger strike policies and other procedures to support her excessive force claim. These policies and procedures are inadmissible because they are irrelevant to the legal issues in this case and could mislead or unfairly prejudice the jury. The question before the jury must be based on the applicable legal standards, not the Jail's internal ones.

Relevant evidence is defined by the Federal Rules as evidence that makes the existence of any consequential fact more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. Evidence which is not relevant is not admissible. Fed. R. Evid. 402. Additionally, even relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, Fed. R. Evid. 403.

"Unfair prejudice can result when evidence that is only marginally probative tends to be given preemptive weight by the jury substantially out of proportion to its logical force." *United States v. Ross*, 588 F. Supp. 2d 777, 784-85 (ED. Mich. 2008). It is within this Court's discretion to exclude such evidence. *Id.* Both circumstances exist with regard to the internal policies and procedures of Macomb County Defendants.

6

The internal policies and procedures of a municipality are not relevant for determining whether or not its employees acted with deliberate indifference to an inmate's medical needs. The Sixth Circuit has considered this issue and held that such policies are irrelevant. In *Smith v. Freland*, 954 F.2d 343 (6th. Cir. 1992), the Sixth Circuit ruled that the officer's use of force was justified, irrespective of whether the officer's actions violated use of force departmental policies, stating:

> [T]he fact that Officer Schulcz's actions may have violated Springdale's policies regarding police use of force does not require a different result. Under § 1983, the issue is whether Officer Schulcz violated the Constitution, not whether he should be disciplined by the local police force. A city can certainly choose to hold its officers to a higher standard than that required by the Constitution without being subjected to increased liability under § 1983. To hold that cities with strict policies commit more constitutional violations than those with lax policies would be an unwarranted extension of the law, as well as a violation of common sense. Ms. Smith's position, if adopted, would encourage all governments to adopt the least restrictive policies possible. *Id.*

Macomb County's internal policies have no application to the legal standards at issue in this case. They cannot serve to alter the standard of force to be used against a resisting individual to decide whether Defendants' actions were justified. They cannot impact the question of liability as to Plaintiff's excessive force claim. The internal policies and procedures are irrelevant and must be excluded pursuant to Fed. R. Evid. 401 & 402.

Given their complete lack of probative value, the potential for the jury to be confused or misled by the internal policies and procedures warrants their exclusion

7

under Fed. R. Evid. 403 as well. The introduction of the internal standards of Macomb County will likely result in the jury confusing the County's standards with the legal standard at issue. See *Tanberg v. Sholtis*, 401 F.3d 1151, 1161-67 (10th Cir. 2005) (granting defendants' motion in limine to exclude a police department's standard operating practices relating to use of force because they were irrelevant to federal claims and were likely to cause confusion); *Smith, supra* at 347. The internal policies and procedures must be precluded as the prejudicial effect substantially outweighs any probative value. Fed. R. Evid. 403.

## ARGUMENT

This has long been the law in the Sixth Circuit and elsewhere. The rule was set forth in *Smith v Freland,* 954 F.2d 343 (6th Cir. 1992). *Smith* held that whether an officer's conduct violates a local procedure or policy is *not* an issue in a 42 U.S.C. § 1983 case. To place any weight on such a policy, as the Sixth Circuit recognized, would subject cities that impose higher local standards to increased liability under § 1983. *Smith,* 954 F.2d at 347. As the court also put it, "To hold that cities with strict policies commit more constitutional violations than those with lax policies would be an unwarranted extension of the law, as well as a violation of common sense." *Id.*

The *Smith* Court further recognized that "Mr. Smith's position (that evidence of violation of policies could impact that constitutional analysis), if adopted, would

8

encourage all governments to adopt the least restrictive policies possible." *Id.* at 347-348. *See also Carlson v. Fewins,* 801 F.3d 668, 677-78 (6th Cir. 2015) (holding that district court's ruling disallowing examination on whether policies were complied with was "correct"); *Bradley v. City* of *Ferndale,* 148 F. Appx. 499, 507 (6th Cir. 2005) (recognizing that compliance with local policy is not at issue in § 1983 case); *Barber v. City of Salem, Ohio,* 953 F.2d 323, 240 (6th Cir. 1992) (holding that city's failure to comply with state law is *not* evidence of constitutional violation); and *Coitrone v. Murray,* 642 F. Appx. 517, 522 (6th Cir. 2016) (holding that violations of police department policy is *not* determinative of whether the use of force was objectively reasonable); *Marden v. Cnty of Midland,* 2017 U.S. Dist. LEXIS 43013 (Ludington, J., E.D. Mich., March 24, 2017)**(Attached as Exhibit 3)**

Another case in this very district granted the exact relief requested by Defendants. In *Edgerson v. Matatall,* 2014 U.S. Dist. LEXIS 4967 (Cox, J., E.D. Mich., January 15, 2014)**(Attached as Exhibit 4)**, the district court ordered in limine that policies, procedures, and guidelines of the City of Southfield be precluded from evidence at the time of trial. *Id.* at *10. The district court first rejected plaintiffs assertion that the policies and procedures were admissible because they were presumably written in accordance with principles set forth in *Graham v. Connor,* 490 U.S. 386 (1989), and therefore set forth "a minimum

9

standard as to issues underlying the use of force." *Id.* at 27.  Next, the district court rejected the argument that such policies and procedures were legitimately used so the jury could make a "reasonable inference that [the officer's] use of force was not objectively reasonable and was excessive." *Id.* To seal the improper admissions of such policies and procedures, the *Edgerson* district court further reasoned that, even if such policies and procedures were "marginally relevant," they would be excluded under F.R.E. 403 because such evidence could "confuse the issues for the jury." *Id.*

The reasoning of *Edgerson* is fatal to Plaintiff's legal position, by way of ruling and of reasoning under the circumstances of this case. The jury in *Edgerson* was presented with a clear verdict form which contained a single and proper standard: did the defendant violate the plaintiffs Fourth Amendment rights by using "excessive and/or unreasonable force" against the plaintiff. 2014 WL 986988 (E.D. Mich., January 23, 2014). The risk of confusion identified by the district court in *Edgerson* was realized in this case by inconsistent and various standards for determining a constitutional violation.  By permitting the Plaintiff in this case to introduce these policies and argue that Defendants breached the same, will create a legal standard that is far beyond Defendants' Constitutional duties to Mr. Stojcevski.  This will only confuse the jury as to the applicable legal standard, and must be excluded at trial.

*Thompson* further establishes that the use of departmental policies and procedures improperly diverts the jury's attention from determining a violation of the *federal* constitution. "42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and policy practices." *Thompson,* 472 F.3d at 454, quoting *Scott v. Edinburg,* 346 F.3d 752, 760 (7th Cir. 2003) (same). Under this persuasive authority from other circuits and the controlling authority set forth by the Sixth Circuit in *Smith,* the County's policies and procedures should be precluded from admission in the trial of this case. Otherwise, the trial will inevitably revolve around the policies and procedures, and not the applicable Constitutional standards.

## CONCLUSION

WHEREFORE, Defendants pray this Honorable Court GRANT their Motion in Limine to Preclude Internal Policies/Procedures, and exclude the introduction of evidence or testimony concerning the internal policies and procedures of Macomb County, including but not limited to policies relating to police/jail procedures, and hunger strike policies regarding any alleged wrong doing by Defendants.

Respectfully Submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP

11

5882861v.2

By: /s/Cara M. Swindlehurst_____
JOHN T. EADS, III (P43815)
CARA M. SWINDLEHURST (P79953)
Attorneys for Defendant
17197 Laurel Park Place Dr. Ste. 201
Livonia, MI 48152
(313) 327-3100

Dated:  February 8, 2021

**PROOF OF SERVICE**

     The undersigned certifies that on February 8, 2021 she served a copy of the foregoing document upon the attorneys of record, this Proof of Service with the Clerk of the Court using the USDC E-File & Serve E-Filing System, which will send such filing to all Counsel of Record.

| _____ US Mail | _____ Hand Delivery |
| _____ Facsimile | _____ Federal Express |
| _____ E-Mail | _XX_ USDC E-file |

_____/s/ Christi Dumar_____
Christi Dumar

12